UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ERIC SMITH, )
 )
    *Plaintiff*, )
 ) 1:06-CV-211
v. )
 ) Chief Judge Curtis L. Collier
 )
NEW YORK STATE DEPARTMENT OF )
TAXATION AND FINANCE, )
 )
    *Defendant*. )

# **M E M O R A N D U M**

Before the Court is Defendant New York State Department of Taxation and Finance's ("Defendant") motion to dismiss as well as its supporting memorandum (Court File No. 7). *Pro se* Plaintiff Eric Smith ("Plaintiff") filed a response in opposition (Court File No. 9). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss and will **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.

## I.    **RELEVANT FACTS**

Plaintiff, proceeding *pro se*, commenced this action by filing his complaint in the federal district court for the Eastern District of Tennessee on October 2, 2006 (Court File No. 1). Plaintiff claims Defendant caused $12,672.16 to be removed from his bank account located in New York, New York in January 2005. Defendant's tax liability claim is based upon taxes Plaintiff allegedly owed in the sum of $300.00 or $400.00 which had grown into over $12,000.00 since 1988 (Court

File Nos. 1 & 9).[1]  Plaintiff alleges he was a resident of Chicago, Illinois from 1984 through 2005 (*id.*).[2]  Plaintiff contends he did not receive a notice of a tax deficiency from Defendant until his bank was served with the tax compliance levy in 2005 (*id.*).  Plaintiff further claims that, as a resident of Chicago, Illinois during the period of 1984-2005, he is not subject to any claim for tax liability in New York State (Court File No. 9).[3]

Without citing legal support, Plaintiff argues he was not liable for the taxes exacted, and therefore, the money that was taken from his account was done so unlawfully (Court File Nos. 1 & 9).  Plaintiff seeks monetary damages, and prays for recovery for the $12,672.16 removed from his account, plus interest and court costs (Court File No. 1).

On December 21, 2006, Defendant responded to Plaintiff's complaint by moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing the action was barred by the Eleventh Amendment (Court File No. 7).  Plaintiff filed a response to Defendant's motion on February 20, 2007 (Court File No. 9).  In his response, Plaintiff claims Defendant had no grounds to take the money from his account and Defendant's action rose to a "criminal taking" (*id.*).  Plaintiff also reasserts his contention that he is not liable for taxes to the state of New York State since he had no connection with the State of New York during the relevant time period (*id.*).

---

[1] Plaintiff's pleadings are hand-written and difficult to read in places.  Therefore, the Court states Plaintiff's allegations to the best of its understanding.

[2] It appears Plaintiff is now a resident of Tracy City, Tennessee (Court File No. 1).

[3] The Court notes that it appears Plaintiff's account from which the money was drafted is located in New York (Court File No. 1).  However, neither party provides specific details regarding Plaintiff's tax liability to the state of New York.  Plaintiff simply alleges he was never a resident of New York and Defendant does not address the basis for Plaintiff's tax liability at all.

## II.   STANDARD OF REVIEW

Motions to dismiss premised on sovereign immunity are challenges to subject matter jurisdiction which fall under Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Hedgepeth v. Tennessee*, 215 F.3d 608, 610 (6th Cir. 2000); *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006). A motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial or a factual attack. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). *Facial* attacks challenge the sufficiency of the pleading itself. *Factual* attacks, on the other hand, challenge the factual existence of subject matter jurisdiction, irrespective of what is or might be alleged in the pleadings. *Id.* An assertion of Eleventh Amendment sovereign immunity constitutes an attack of the latter variety. In considering a factual attack upon the court's jurisdiction, no presumption of truth applies to the plaintiff's factual allegations and the court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case. *Id.* (internal citations omitted). "[T]he entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, i.e., that it is an arm of the state." *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002) (adopting rule from United States Courts of Appeal for the Third, Fifth, Seventh, and Ninth Circuits).

## III.   DISCUSSION

Defendant argues Plaintiff's complaint must be dismissed based on its immunity under the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3

U.S. Const. amend. XI. The driving force behind the Eleventh Amendment is the policy of protecting state sovereignty. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (stating Eleventh Amendment confirms the presupposition "each State is a sovereign entity in our federal system"); *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890) (invoking principle of sovereign immunity in holding Eleventh Amendment's jurisdictional bar extends beyond its literal words to also deprive federal courts of jurisdiction over causes of action brought against an unconsenting State by its own citizens). Inherent in the nature of sovereignty is a State's immunity from suits by individuals without its consent. *See Seminole Tribe*, 517 U.S. at 54. Thus, States have almost complete control over whether, to what extent, and where they may be sued. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). "Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (*quoting Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 480 (1987)).

Defendant argues it is entitled to Eleventh Amendment immunity as an agency of the State of New York. Generally, Eleventh Amendment immunity only applies to suits seeking money damages against state governments and entities that can be considered arms of the state. *Alkire v. Irving*, 330 F.3d 802, 811-13 (6th Cir. 2003). Thus, the Eleventh Amendment affords no protection to local governments, municipalities, or counties. *See, e.g.*, *Brotherton v. Cleveland*, 173 F.3d 552, 566-67 (6th Cir. 1999) (holding county coroner was not a state actor entitled to Eleventh Amendment immunity). Whether or not a governmental entity is an "arm of the state" is a question of federal law which turns on a consideration of the state law provisions defining the entity's

4

character. *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 n. 5 (1997). In resolving this question, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has approved a multi-factor analysis which includes inquiries into: (1) the definition and/or characterization of the entity in question under state law, (2) the degree of autonomy exercised by the entity or, conversely, the degree of control exercised by the State, (3) the entity's source of funding, and (4) the State's potential financial exposure in the event of a money judgment against the entity. *Brotherton*, 173 F.3d at 560-61 (citing specifically cases from Tenth and Eleventh Circuits). The Sixth Circuit has indicated the most salient issue is whether the State would ultimately be liable for any money judgment against the entity. *Dubue v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003); *Brotherton*, 173 F.3d at 560-61. Additionally, the Supreme Court has placed heavy emphasis on the vulnerability of the State's purse in determining a governmental entity's Eleventh Amendment status, suggesting this factor is primary, if not dispositive. *See Doe*, 519 U.S. at 430-31 (citing *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 45-53 (1994)).

The parties have not presented any arguments on whether any potential money judgment against Defendant would be paid out of the State of New York's treasury. In fact, the only factor Defendant broached at all is its state-law characterization.[4] Based upon this characterization, the Court agrees with Defendant's argument that it is an agency of the State of New York. *See* N.Y. Const. art. V, § 2 (indicating there shall be twenty civil departments in the state government); N.Y. Tax Law § 170 (McKinney 2007) (authorizing the continued existence of the New York Department of Taxation and Finance). Additionally, the United States Court of Appeals for the Second Circuit has held Defendant is an agency of the State of New York, which is immune from suit. *See Johnson*

---

[4] Plaintiff has not presented any arguments concerning this issue.

*v. New York*, 21 F. App'x 41, 42-43 (2d Cir. 2001) (summary order) (finding the district court correctly found the Eleventh Amendment bars suit against the State of New York and its agency, the New York State Department of Taxation and Finance); *Walker v. New York*, 150 F. App'x 28, 30 (2d Cir. 2005) (summary order) (holding dismissal pursuant to Eleventh Amendment immunity appropriate as to the State of New York and two of its agencies, including the State of New York Department of Taxation and Finance).

While the state law characterization of an entity is just one of several factors to consider in determining whether a particular entity is an arm of the state for Eleventh Amendment purposes, neither party has raised any issues with respect to the other factors. Accordingly, the Court finds Defendant has met its burden of demonstrating it is an arm of the State of New York entitled to assert immunity under the Eleventh Amendment.

However, there are three exceptions to Eleventh Amendment immunity: (1) an individual may sue a state official seeking prospective injunctive relief to end a continuing violation of federal law, *see Ex parte Young*, 209 U.S. 123, 155-60 (1908); (2) Congress may abrogate immunity by statute, *see Seminole Tribe*, 517 U.S. at 55-56; or (3) the State itself may waive its Eleventh Amendment protection by consenting to the suit, *see Lawson v. Shelby County*, 211 F.3d 331, 334 (6th Cir. 2000). *See also Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005), *cert. denied*, 547 U.S. 1021(2006) (noting these exceptions). In the absence of one of these exceptions, States are not subject to suits by individual citizens or aliens in the federal courts.

In *Young*, the United States Supreme Court held an individual may sue a state official seeking prospective injunctive relief to end a continuing violation of federal law without violating the Eleventh Amendment's promise of sovereign immunity because the injunction restrains the

official, not the state. *Ex parte Young*, 209 U.S. at 155-60.  However, Plaintiff has named an agency of the State of New York and not a state official as a defendant.  Additionally, Plaintiff is primarily seeking money damages (Court File No. 1) (Plaintiff "prays that the sum of $12,672.16 with interest be awarded to plaintiff as well as all costs of this action.").  Thus, the *Young* exception to Eleventh Amendment immunity does not apply.   The Court also finds the second exception does not apply as Plaintiff does not allege Congress abrogated Defendant's immunity by statute nor is the Court aware of any federal statute in which Congress clearly states it intends to abrogate state sovereign immunity which would be applicable in this case.  *See Lawson*, 211 F.3d at 334-35 (two conditions must be satisfied for Congressional abrogation of state sovereign immunity to be valid: (1) Congress must state clearly it intends a statute to abrogate state sovereign immunity, and (2) a determination must be made as to whether Congress acted pursuant to a valid exercise of power).  Therefore, the Court will focus on the last exception, whether Defendant has waived its Eleventh Amendment protection.

A state may waive its Eleventh Amendment immunity by: (1) expressly waiving immunity, (2) voluntarily appearing and defending on the merits in federal court (*See Lapides v. Bd. of Regents of the Unv. System of Georgia*, 535 U.S. 613, 624 (2002) (holding a state waives its Eleventh Amendment immunity when it removes a case from state court to federal court)), or (3) agreeing to administer a federal-state program that imposes certain federal standards upon the state.  *Lawson*, 211 F.3d at 334.  The State of New York has expressly consented to a limited waiver of its Eleventh Amendment immunity.  *See* N.Y. Const. Art. III, §19;  N.Y. Court of Claims Act § 8 (McKinney 2007) (entitled "waiver of immunity from liability").

New York has enacted the Court of Claims Act, which establishes that the state "waives its

immunity from liability and action and . . . assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court [of New York] . . . provided the claimant complies with the limitations of this article." *Id*. In the State of New York, the Court of Claims has "jurisdiction to hear and determine claims against the state." N.Y. Const. Art. 6, § 9. "The Court of Claims is a court of limited jurisdiction, the parameters of which are set by the State's waiver of sovereign immunity . . . The State retains the protection of sovereign immunity with respect to actions that require expert judgment or the exercise of discretion or are judicial or quasi-judicial in nature." *Safety Group No. 194 v. State*, No. 101826, 2001 WL 939747, *1 (N.Y. Ct. Cl. Apr. 11, 2001).

The Court of Claims has exclusive jurisdiction over claims against the State of New York.[5] *St. Paul Fire and Marine Ins. Co. v. State*, 415 N.Y.S.2d 949, 957 (N.Y. Ct. Cl. 1979) (citing *Psaty v. Duryea*, 118 N.E.2d 584 (N.Y. 1954)). Specifically, the Court of Claims has jurisdiction to "hear and determine a claim of any person . . . against the state for the appropriation of any real or personal property." N.Y. Court of Claims Act §9 (McKinney 2007) (outlining the jurisdiction and powers of the Court of Claims). The only remedy which can be granted by the Court of Claims is a judgment for money damages. *Id*. Additionally, the New York Taxpayers' Bill of Rights establishes the Court of Claims as the court where an aggrieved "taxpayer may bring a civil action . . . for damages against the state." N.Y. Tax Law § 3034 (McKinney 2007).

---

[5] This is true in all but very rare instances, not relevant here, where jurisdiction is conferred upon the New York Supreme Court by statute or judicial decision. *St. Paul Fire and Marine Ins. Co.*, 415 N.Y.S.2d at 957. For example, it is proper to commence a declaratory judgment action against an agency of the State of New York and the Commissioner of that agency in the New York Supreme Court. *Castino v. Commissioner of Taxation and Finance*, No.13478-2005, 2005 WL 3629725, *1 (N.Y. App. Div. Nov. 28, 2005).

Moreover, New York statutes have established various administrative remedies by which a citizen may contest the imposition of a certain tax. The Division of Tax Appeals was established to act as "an independent division of tax appeals within the department of taxation and finance which shall be responsible for providing the public with a just system of resolving controversies with such department of taxation and finance." N.Y. Tax Law § 2000 (McKinney 2007).

Clearly, under New York law, Defendant can be sued in the New York Court of Claims and cannot be made a defendant in any other court unless it expressly consents. The Court finds Defendant has not consented to suit in the federal district court located in the Eastern District of the Tennessee, as it timely responded to Plaintiff's complaint with a motion to dismiss based upon its claim of immunity.[6] The Court finds Defendant, New York State Department of Taxation and Finance, has met its burden of showing it is an agency of the State of New York, which remains immune from suit in federal court since none of the exceptions to Eleventh Amendment immunity apply.

## IV. CONCLUSION

Accordingly, as the Court is without jurisdiction to hear the instant case, it will **GRANT** Defendant's motion to dismiss (Court File No. 7) and will **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.

---

[6] Similarity, in *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, the United States Supreme Court held the Department of Treasury for the State of Indiana was entitled to Eleventh Amendment immunity in a case involving a private party attempting to bring suit for a refund of previously paid taxes based upon the State's lack of consent to be sued in federal court. 323 U.S. 459, 470 (1945), *overruled on other grounds* by *Lapides v. Bd. of Regents of the Univ. System of Georgia*, 535 U.S. 613 (2002).

9

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**